Commonwealth v. Hynick

*Allen E. Ertel, District Attorney,* for Commonwealth.

*Ronald C. Travis* and *Joseph J. Gale,* for defendant.

RAUP, *J.,* July 9, 1975—Before the court is defendant's pretrial application for relief consisting of three separate motions, an application for change of jurisdiction based upon an assertion that one of the two counts of the indictment is alleged to have occurred in Luzerne County and, therefore, should not be tried in Lycoming; an application for change of venue based upon the pretrial publicity; and a discovery application.

### Application for Change of Jurisdiction

Count Two of the indictment charges defendant with hindering apprehension or prosecution in violation of section 5105(a)(4) of the Crimes Code (18 Pa.C.S.A. 5105(a)(4)) by warning one Fred R. Sechler of pending discovery or apprehension with the intent to hinder the apprehension and prosecu-

tion, conviction or punishment of Sechler for a crime.

The facts relating to this application are these: The Commonwealth's evidence would be that Fred Sechler was the subject of a criminal investigation in Lycoming County and that defendant warned him of the same. The warning allegedly occurred at defendant's home in Luzerne County. Count One alleges that defendant did "tamper" with a witness, one Patricia Sanderson, in violation of section 5105(a)(3) of the Crimes Code. This alleged offense is said to have occurred in Lycoming County.

The criminal complaint, filed on January 10, 1975, alleged that both counts occurred in Lycoming County. On April 10, 1975, in the course of the preliminary hearing before the magistrate, Sechler, the only Commonwealth witness to the incident, testified that the incident alleged in Count Two occurred in Luzerne County. The defense thereupon made objection to venue to the magistrate, but the objection was denied and the preliminary hearing was concluded. This motion was filed on June 4, 1975.

Rule 21 of the Rules of Criminal Procedure provides, inter alia:

"Rule 21. Venue. All criminal proceedings shall be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred. . . ."

Rule 25 of the Rules of Criminal Procedure provides, inter alia:

"Rule 25. Objections to Venue

"(a) Objections to venue shall be raised in the Court of Common Pleas of the judicial district in which the proceeding has been brought, before

completion of the preliminary hearing in a court case . . . or such objection shall be deemed to have been waived.

"(b) No objection to venue shall be allowed unless substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought.

"(c) No criminal proceedings shall be dismissed because of improper venue. Whenever an objection to venue is allowed the Court of Common Pleas shall order the transfer of the proceedings to the issuing authority of the proper magisterial district of the proper judicial district. If the proceeding is transferred to a magisterial district of another judicial district, the president judge of the judicial district to which the case is transferred shall be notified of such transfer."

Because the offense was *alleged* to have occurred in Lycoming County, defendant could not have filed this objection with the Court of Common Pleas prior to the completion of the preliminary hearing. He did not have information to support such a motion until the preliminary hearing was nearly concluded. The court, therefore, considers that the motion was timely filed.

If Count Two were the only charge facing defendant, the court would be inclined to transfer the case to the proper magisterial district of Luzerne County. However, if such a transfer were made under the facts of this case, the result would be that defendant and the Commonwealth would face one trial in this county as to Count One and an additional trial in Luzerne County as to Count Two. This being the case, the court cannot say that substantial prejudice would result to defendant if

Count Two is tried in this county, and, accordingly, this objection to venue will not be allowed.

*Application for Change of Venue (Publicity)*

Defendant contends that this prosecution has been the subject of such extensive pretrial publicity that there is a reasonable likelihood that defendant will be unable to obtain a fair and impartial trial in this county.

The court finds, after hearing, that this case has been the subject of somewhat more publicity than accompanies the average criminal case. The court also notes that this prosecution has been frequently intertwined by the news media with several other prosecutions commonly referred to in the press as "the Williamsport City Hall Wiretap Scandal." Those other prosecutions involved a prosecution against the Mayor of the City of Williamsport for violation of the wiretap law and other related charges; the prosecution of the city director of public safety for a violation of the anti-wire tap statute; the prosecution of a utility employe for complicity in the "wire tap" charges against the mayor and the director of public safety; obstructing justice and other related charges against the chief of police; and criminal attempt charges against the individual referred to in Count Two of the within indictment. The charges relating to the mayor were the subject of such widespread publicity that a change of venue was ordered; the charges were tried in Mercer County and resulted in a conviction on several counts.* The charges with respect to the

---

*The court notes, for whatever significance that it might have, that since the disposition of his case, the mayor has obtained renomination in a contested primary by his political party for a second term as mayor.

director of public safety resulted in a negotiated guilty plea in the course of trial in this county. The charges with respect to the utility employe resulted in an accelerated rehabilitative disposition. The charges with respect to the chief of police are still pending and are the subject of an appeal by the district attorney to the Superior Court of Pennsylvania. The charges with respect to Sechler resulted in a negotiated guilty plea in the course of trial in this county. The majority of the publicity relating to this case occurred between January and March of 1975 while the great preponderance of the publicity relating to the charges as to the other defendants occurred between the summer of 1973 and the fall of 1974.

The court does not consider that the publicity relating to the charges against this defendant has been as extensive as that relating to the charges against the city mayor, nor does the court consider that the publicity is so extensive as to create a reasonable likelihood that defendant would be unable to obtain a fair and impartial trial in this county: Pennsylvania Rules of Criminal Procedure 301(a); ABA Standards for Criminal Justice 3.2(c). There would appear to be no factual relationship between the charges in this case and the charges earlier brought against the mayor, the director of public safety, the utility employe and the chief of police; the court would expect that a jury can be obtained from this county which would be able to base its verdict on the facts relating to this case and to divorce from its deliberations any knowledge relating to those other prosecutions.

While the motion for change of venue will be denied, extensive voir dire of the jury as to pretrial publicity will be permitted, and the denial of the

application at this time will not foreclose the defendant from renewing the application should it appear that a fair and impartial jury cannot be obtained.

*Application for Evidence Favorable to Defendant;*
*for Bill of Particulars; for Discovery*
*and Inspection*

In disposing of this application, the court will make reference to the paragraphs of the application.

Paragraphs 18(a) through (e) have been answered by the Commonwealth.

Paragraph 18(f) requests the FBI record, police record, prison record and any other record of all of the witnesses that the Commonwealth intends to call at the trial of this matter. While it is true that Pa.R.Crim.P. 310 provides a defendant with a very restricted right of discovery and inspection of Commonwealth evidence in a criminal case, defendant in a criminal case is entitled to timely receipt of any information in the possession of the Commonwealth which would be favorable to him with respect to the charge: Brady v. Maryland, 373 U.S. 83 (1963). Moreover, Disciplinary Rule DR 7-103 of the Code of Professional Responsibility provides specifically:

"Performing the Duty of Public Prosecutor or Other Government Lawyer . . .

"(B) A public prosecutor or other government lawyer in criminal litigation shall make timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence, known to the prosecutor or other government lawyer, that tends to negate guilt of the ac-

cused, mitigate the degree of the offense or reduce the punishment."

Prior to the day during which jury selection commences in this case, the Commonwealth will be required to divulge the information requested in paragraph 18(f). No separate inquiry in this regard will be required of the Commonwealth, but rather the discovery is limited to information then in the knowledge of the Commonwealth.

Paragraph 18(g) requests generally a copy of the police investigative report and this will be denied except to the extent that the report contains information favorable to defendant.

Paragraph 18(h) and (i) requests a list of persons in attendance at the time and place of the two alleged offenses. For the reasons set forth in the discussion relating to paragraph 18(f), the Commonwealth will be required prior to the day of trial to provide defendant with a list of all such witnesses whom the Commonwealth does not intend to call in the course of its own case, in order that defendant may have an opportunity to interview such witnesses for possible use at trial. As to witnesses whom the Commonwealth intends to call, Rule 310 would prevent pretrial discovery.

Paragraphs 18(j) and (l) will be granted to the same extent as paragraphs 18(h) and (i), i.e., the Commonwealth will be required to provide, prior to the day of trial, the names of any of the witnesses described in those paragraphs whom the Commonwealth does not intend to call to the stand during trial: Brady v. Maryland, supra; United States v. Chandler, U.S. District Court for Maryland, no. 75-68 (1975).

Paragraph 18(k) requests the production and in-

spection of any and all tape recordings or notes of conversations between Patricia B. Sanderson and Fred Sechler. If Sanderson and/or Sechler will be Commonwealth witnesses, the Commonwealth will be required to provide relevant tape recordings or notes of transcripts of the recordings to the defense prior to cross-examination. The Commonwealth is encouraged to make this disclosure in a timely fashion in order that the trial will not be unduly interrupted and delayed.

Paragraph 18(m) requests the tape recordings to which defendant may be a party and this application is granted as to any such tapes which may exist.

Paragraph 18(n) requests the names and whereabouts of any eyewitness or witnesses to the alleged crimes whom the Commonwealth does not intend to call to the stand during the trial of this matter. This request will be granted for the reasons set forth in the discussion relating to subparagraphs (h) and (i).

The request of paragraph 19 is granted as to written or recorded statements by defendant. With respect to notes of oral statements by the defendant, the request is denied.

Paragraph 20 requests statements or notes of statements made by Fred Sechler to the Commonwealth or in the possession of the Commonwealth. Prior to cross-examination of Fred Sechler, the Commonwealth shall provide this information to the defense. Again, the Commonwealth is encouraged to make this disclosure in timely fashion.

Paragraph 21 makes the same requests as to Patricia Sanderson as was made in paragraph 20 with respect to Sechler. This information shall be provided prior to cross-examination of witness Sanderson and the Commonwealth is encouraged to do so in timely fashion.

Paragraph 22(a) requests a copy of the indictment; this can be obtained by defendant from the prothonotary.

Paragraph 22(b) requests copies of all pictures, photographs, diagrams, etc. material to this matter. This will be granted with respect to any such items which might be favorable to the defendant but is otherwise denied.

Paragraph 23 requests the right to inspect recording equipment used in this case and the district attorney has filed an answer stating that no such equipment was used, therefore this issue is moot.

## ORDER

And now, July 9, 1975, defendant's "Application for Change of Jurisdiction" and application for change of venue are hereby denied. With respect to defendant's application for evidence favorable to defendant; for bill of particulars; for discovery and and inspection, it is ordered that:

1. Paragraphs 18(a) through (e) and paragraph 23 are moot.

2. Paragraph 18(f) is granted.

3. Paragraph 18(g) is denied, with exception of information favorable to the defense.

4. Paragraphs 18(h), (i), (j), (l) and (n) are granted, in part, consistent with the foregoing discussion.

5. Paragraph 18(k) is granted, prior to cross-examination.

6. Paragraph 18(m) is granted.

7. Paragraphs 19, 22(a) and (b) and 23 are granted subject to the condition contained in the opinion.

8. Paragraphs 20 and 21 are granted, prior to cross-examination.